PER CURIAM.
By certiorari there is presented for review an interlocutory order in an action for damages for wrongful death, under Ch. 768, Fla.Stat., F.S.A.
A motion was filed on behalf of the defendants which stated that while the decedent was a patient in the Veterans Administration Hospital in Coral Gables prior to his death, certain tissue- studies were prepared which thereafter were examined by Dr. Clark, a pathologist employed by the hospital ; that a rule of the hospital prohibits the doctor from discussing the case of a patient of the hospital with a defendant’s attorney, when litigation is pending, without consent of the plaintiff or the plaintiff’s attorney or unless the attorneys for both sides are present ; that the defendants’ counsel desired to confer with Dr. Clark in the absence of opposing counsel because it was intended to submit to Dr. Clark information which is *347 their work product; and the motion further state that plaintiffs’ counsel were not willing to agree to such conference with Dr. Clark in their absence. It appears that plaintiffs’ counsel had indicated intention to call the doctor as a witness. The defendants’ motion prayed for an order to require the plaintiffs or their counsel to consent.
The trial court granted the motion and ordered plaintiffs or their attorneys to sign a letter addressed to Dr. Clark, in the form set out in the order, referring to the pending action and to the hospital rule against discussion of the case with defendants’ counsel in absence of opposing counsel unless they consent, and stating to Dr. Clark that the required consent was thereby given.
The petitioners contend that the freedom of choice of themselves or their attorneys in such a matter should be respected, and that the court could not properly force them or their counsel to give such consent as a means of circumventing the above mentioned rule maintained by the Veterans Hospital. The respondents, on the other hand, argue that the court was not acting improperly in coercing a consent from the plaintiffs’ counsel because if the latter were present at the conference with the doctor, or if defendants should take the doctor’s deposition at which plaintiffs’ counsel would be entitled to be present, the work product information which they desired to present to the doctor in the course of their conference with him would thereby be revealed to the plaintiffs’ attorneys.
We have been furnished with no precedents dealing with this unusual situation. However, the dilemma with which the respondents were confronted was one created by the hospital, and not by the plaintiffs or their attorneys. It is obvious that the policy of the hospital as expressed in its rule-would be thwarted if the plaintiffs and their attorneys, who do not consent, were forced by the trial court to state that they do.
It is the general rule that attorneys for one party in a pending cause are free to interview the other party’s intended witness without the consent or presence of opposing counsel. 35 Fla.Jur., Witnesses § 5. This presupposes that the person thus sought to be interviewed is willing to submit thereto. If he is not, he may insist that his views or testimony be given only upon deposition or at a trial or other court proceeding in the cause, after having been subpoenaed. See rules 1.280(a) and 1.410 R.C.P., 30 F.S. A. In this instance the witness sought to be interviewed by defendants’ counsel appears to have invoked his employer’s rule against such interview without the presence of opposing counsel or the latter’s consent.
For the reasons stated we hold that the order compelling a consent by plaintiffs or their counsel was unjustified and constituted a departure from essential requirements of law, whereupon the challenged order is quashed.
It is so ordered.